## NIEMEYER v. UNITED STATES.
### No. 5867.

Circuit Court of Appeals, Seventh Circuit.
July 11, 1936.

Lloyd C. Moody and Edward G. Schultz, both of Chicago, Ill., for appellant.

Michael L. Igoe, U. S. Atty., and Martin Ward and John J. Moreschi, Asst. U. S. Attys., all of Chicago, Ill.

Before EVANS, SPARKS, and ALSCHULER, Circuit Judges.

SPARKS, Circuit Judge.

Appellant was convicted of the violation of two separate sections of the federal criminal code pertaining to offenses against the postal service. The venue of both counts was laid in the Eastern Division of the Northern District of Illinois.

The first count of the indictment was based on section 194 of the Criminal Code, as amended August 26, 1935, 18 U.S.C.A. § 317 [1], and charged him with attempting to steal a certain letter from a mailbox authorized by the postal authorities as a depositary for mail at 309 N. Austin Avenue, Chicago, Illinois.

The second count was based on section 198 of the Criminal Code, as amended, 18 U.S.C.A. § 321 [2], and charged him with unlawfully, willingly, knowingly, feloniously and with malice injuring and defacing the same letter box referred to in the first count.

The cause was tried before the court without a jury. The court sentenced appellant to five years in prison on the first count and three years on the second count, the sentences to run concurrently.

Appellant seeks to reverse the judgment on two grounds: (1) That the evidence showed the delivery of the letter pri-

---

[1] "§ 317. (Criminal Code, section 194, amended.) * * *

"Whoever shall steal, take, or abstract, or by fraud or deception obtain or attempt so to obtain from or out of any mail, post office or station thereof, or other authorized depository for mail matter * * * any letter, postal card, package, bag, or mail * * * shall be fined not more than $2,000, or imprisoned not more than five years, or both."

[2] "§ 321. (Criminal Code, section 198, amended.) * * *

"Whoever shall willfully or maliciously injure, tear down, or destroy any letter box or other receptacle intended or used for the receipt or delivery of mail on any mail route, or shall break open the same, or shall willfully or maliciously injure, deface, or destroy any mail deposited therein * * * or shall willfully aid or assist in any of the aforementioned offenses, shall for every such offense be punished by a fine of not more than $1,000 or by imprisonment for not more than three years."

or to the attempt to steal the same; and (2) that the evidence showed that the letter box was neither intended for nor used as a receptacle for United States mail at the time of the alleged injury thereto.

There was substantial evidence to support the following facts: The building in which the mail box was located was a large apartment building and each apartment had a mail box. The box involved was a single unit containing three separate compartments for as many different apartments, each compartment having a separate lock and key different from the other two. Access by the mailman to all compartments of the box for the purpose of inserting mail was had through one door, opening from the top and secured by a lock. There had been some thefts of letters from mail boxes in the building prior to November 15, 1935, and, in order to apprehend the thief, the janitor, who lived in the building, installed an electrical device in his mail box which caused a bell to ring automatically in his apartment if anyone attempted to tamper with the box. The other two apartments which this particular mail box unit served were also occupied and the names of all the occupants appeared on their respective mail compartments. About six o'clock P. M. on November 15, the bell rang and the janitor rushed to the vestibule and found appellant standing in front of the box with his hand upon the opened door of the janitor's mail compartment. Sensing someone's presence, appellant left the vestibule and was followed by the janitor who never lost sight of him until he apprehended him farther down the street and returned him to the apartment house where he was later delivered into the custody of the officers. There were two pieces of mail in the janitor's box at the time of the attempted theft and they had been placed there by the United States mail carrier, who prior to that time had customarily deposited all the mail directed to the three occupants mentioned in their respective compartments in that box, with the following exception: When the janitor installed the electrical device in his box, he informed the carrier of that fact and, for the purpose of apprehending the thief and protecting all valuable mail directed to him, they agreed that the carrier upon delivery of any mail directed to the janitor would first ring his door bell and permit him to sort and receive whatever mail he considered valuable, whereupon the remaining mail would be deposited in the box by the carrier. The box was in good condition prior to the time when appellant opened it. Shortly thereafter an examination disclosed marks upon each of the compartments of the box, obviously indicating an effort to pry them open with a blunt instrument. The following morning a chisel and a screw driver were found at different points near the path which appellant pursued when leaving the building.

The mail that was in the box at the time of the attempted theft was placed there by the carrier pursuant to this plan, and upon these facts appellant bases his contention that there was a delivery of all the mail to the janitor prior to its deposit in the box, and that the janitor had abandoned the use of his box for mail purposes. There is no merit in these contentions. The evidence is clear that the use of none of the compartments of the box had been abandoned, and the mere fact that the janitor by permission of the carrier had received a part of his mail directly from the carrier does not establish appellant's contention that he had also received the mail which the carrier had afterwards placed in the box. Here there was no actual intentional delivery to the janitor personally of the mail which had been placed in the box, and that fact distinguishes this case from those upon which appellant relies. That the box was such as the Act of Congress expressly intended to protect, there can be no question. Rosen v. United States, 245 U.S. 467, 38 S.Ct. 148, 62 L.Ed. 406.

Judgment affirmed.